78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Olvin "Shea" CUTRIGHT, and Blanca Cutright, individually and
as husband and wife, Plaintiffs-Appellees/Cross-Appellants,
v.
CITY OF PHOENIX, an Arizona incorporated municipality;
Defendant-Appellee,
and
Ekermille Faw Britts and Kathy Britts, individually and as
husband and wife; Joseph Smelter and Nancy Smelter,
individually and as husband and wife; Gregory L. Allinich
and Christine Allinich, individually and as husband and
wife; J. Scott Gustafson and Joyce Gustafson, individually
and as husband and wife; all individual Defendants acting
in their official and individual capacities,
Defendants-Appellants Cross-Appellees.
 Nos. 94-15462, 94-15463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided Feb. 28, 1996.
 
 Before: ALDISERT,* SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The individual defendants, city of Phoenix police officers, appeal the district court's denial of their motion for summary judgment regarding plaintiff Olvin Cutright's claim that their investigative stop was unconstitutional. Cutright cross-appeals the district court's grant of summary judgment to the individual defendants on his unlawful arrest claim, and to the defendant city of Phoenix on his claim that it maintained a policy of encouraging unlawful arrests. We reverse the denial of the individual defendants' summary judgment motion regarding the constitutionality of the investigative stop, but affirm the judgment for the individual defendants on Cutright's unlawful arrest claim and the judgment for the city.
 
 I.
 
 3
 The individual defendants, on motion for summary judgment, argued that the doctrine of qualified immunity shielded them from Cutright's claim that their failure to release him after close observation violated the Fourth Amendment. The district court denied their motion. This court reviews de novo the denial of the officers' qualified immunity defense. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 4
 When a law enforcement officer asserts the defense of qualified immunity from a Fourth Amendment claim, the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer reasonably could have believed that his conduct was lawful. Alexander v. County of Los Angeles, 64 F.3d 1315, 1319 (9th Cir.1995); Act Up!, 988 F.2d at 871 (9th Cir.1993) (citing Anderson v. Creighton, 483 U.S. 635 (1987)). This standard requires a two part analysis. First, was the law governing the official's conduct clearly established; and second, under that law, could a reasonable officer have believed the conduct was lawful. Act Up!, 988 F.2d at 871. Both parts of the qualified immunity analysis are questions of law. Id. at 873. Only two factual questions may preclude a determination of qualified immunity on summary judgment: 1) a dispute over the facts and circumstances within the officer's knowledge; and 2) a dispute over what the officer and claimant did or failed to do. Id.
 
 
 5
 The parties do not dispute that on the day of the incident it was clearly established that an investigatory stop must cease once reasonable suspicion dissipates. At issue is whether a reasonable officer could have believed that it was lawful to detain Cutright after observing him up close.
 
 
 6
 The district court rejected the officers' qualified immunity defense, holding that the reasonableness determination turned on how Cutright appeared to the officers on the day of the incident. The district court held that this determination gave rise to a question of fact for the jury. In light of our recent opinion in Alexander, the district court's rejection was erroneous. Alexander, 64 F.3d at 1319-22, establishes that where the officers are confronted with as many undisputed circumstances matching the suspect and his vehicle to the crime under investigation as exist in the instant case, a reasonable officer could as a matter of law objectively have believed that there was reasonable suspicion for the continued detainment. Whatever dispute there may be regarding Cutright's appearance at the time of his detainment does not present a genuine issue of material fact.
 
 
 7
 This case is distinguishable from Johnson v. Jones, 115 S.Ct. 2151 (1995), in which the Supreme Court held that when the district court denies summary judgment because genuine issues of material fact exist, the decision is not a "final decision" appropriate for an interlocutory appeal. Here, the district court should have made a determination as to the objective reasonableness of the officers' conduct, which is a question of law. Instead, the district court, without discussing objective reasonableness, held that a genuine issue of fact existed as to the subjective reasonableness of the officers' conduct and, accordingly, denied summary judgment. As a result, the district court failed to properly address the second prong of the qualified immunity defense. This was an error of law and, therefore, immediate appeal was appropriate.
 
 
 8
 Here in light of Alexander, this court can say as a matter of law that a reasonable officer could have believed that it was lawful to detain Cutright. Therefore, the officers are entitled to qualified immunity against Cutright's Fourth Amendment claim.
 
 II.
 
 9
 Cutright claims that his detainment constituted an unlawful arrest, rather than simply an investigative stop. The officers moved for summary judgment on this claim, contending that the doctrine of qualified immunity protects them from liability. The district court granted the motion, finding that the law on when an investigative stop becomes an arrest was not clearly established at the time of the incident. Cutright cross-appeals. We affirm, but on different grounds.
 
 
 10
 We conclude that the law governing the officers' conduct was clearly established on March 21, 1991, the day of the incident. On that day, it was well-settled that when an officer reasonably believes force is necessary to protect his own or the public's safety, measures used to restrain individuals, such as stopping them at gunpoint and applying handcuffs, are not unlawful. See United States v. Buffington, 815 F.2d 1292, 1300-01 (9th Cir.1987) (investigative stop made at gunpoint not unlawful); United States v. Bautista, 684 F.2d 1286, 1288-90 (9th Cir.1982) (use of handcuffs during investigative stop not unlawful), cert. denied, 459 U.S. 1211 (1983). In addition, in March, 1991, detention in a police car did not necessarily convert an investigative stop into an arrest. United States v. Parr, 843 F.2d 1228 (9th Cir.1988). Finally, on the day of the incident, the law did not set a specific time limit on the length of the investigative stop. Instead, whether a stop was too long in duration to constitute an investigative stop turned on whether the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." United States v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575 (1985).
 
 
 11
 We affirm the grant of immunity because in light of the clearly established law, the individual officers could reasonably have believed that their treatment of Cutright did not constitute an unlawful arrest. The circumstances matching Cutright and his vehicle to the homicide under investigation were such that a reasonable officer could have believed it necessary to utilize the high-risk stop procedure. Moreover, the officers here acted diligently in detaining Cutright for an eyewitness identification. The officers are entitled to qualified immunity against Cutright's claim that his detainment constituted an unlawful arrest.
 
 III.
 
 12
 Cutright cross-appeals the district court's grant of summary judgment to the city on his § 1983 claim that the city maintained a policy of encouraging unlawful arrests. Cutright has not pointed to evidence in the record that raises a genuine issue of material fact. The district court correctly granted summary judgment to the city.
 
 CONCLUSION
 
 13
 We reverse, in part, with instructions to enter judgment for the individual defendants on plaintiffs' claim that the investigative stop was unconstitutional. We affirm the judgment for the individual defendants on the remaining claim, and the judgment for the city.
 
 
 14
 REVERSED in part and AFFIRMED in part.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3